(109 So. 124)

### LEE v. STATE.   (4 Div. 164.)

(Court of Appeals of Alabama.   May 18, 1925.
Rehearing Denied June 8, 1926.)

1. Criminal law ⬤⟿878(3).

Verdict of guilt on one count operates as an acquittal of charges in other counts.

2. Disorderly conduct ⬤⟿11.

Conflicting evidence as to use of obscene language *held* to make defendant's guilt question for jury.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Billie Lee was convicted of using abusive, obscene, or insulting language in the presence or hearing of a woman, and he appeals. Affirmed.

Marcus J. Fletcher, of Andalusia, for appellant.

Counsel discusses the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was in dispute, and the affirmative charge for defendant was properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Defendant cannot complain of rulings relating to counts of the indictment upon which he was acquitted. Pippin v. State, 19 Ala. App. 384, 97 So. 615.

BRICKEN, P. J. [1] The indictment contained three counts. The verdict of the jury was guilty as charged in count 1 of the indictment. This verdict operated as an acquittal of the defendant of the charges against him contained in the second and third counts of the indictment. The rulings of the court,

therefore, which relate to the offenses contained or charged in the second and third counts only, need not be discussed or considered, the defendant, as stated, having been acquitted of the charges in said counts.

[2] The first count, under which he was convicted, charged that in the presence or hearing of a woman he made use of abusive, insulting, or obscene language. The state offered evidence tending to sustain said charge. The defendant offered evidence to the contrary. Thus a jury question was presented, and the rulings of the court so far as related to the charge contained in the first count were so clearly free from error they need no discussion here. The simplest and most elementary propositions of law are involved.

Under the evidence in this case, it being in direct conflict, the defendant was not entitled to the general affirmative charge, and the court properly refused it.

The record proper is regular and free from error.

Let the judgment of the circuit court in this case stand affirmed.

Affirmed.