147 So. 210

## HOPKINS v. STATE.

### 7 Div. 928.

Court of Appeals of Alabama.
March 28, 1933.

---

Chas. F. Douglass, of Anniston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, a youth some seventeen years of age, a stepchild of, so far as shown by the record before us, good reputation, also, as so shown, never before convicted of crime, was in this proceeding convicted of the offense of grand larceny (Code 1923, § 4905), and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from two to three years.

There are some anomalies apparent in that while the indictment preferred, and upon which the trial was had was in two counts, one charging the larceny of a certain "Chevrolet Motor Car etc.," and the other, the larceny of certain "automobile tires, tubes and rims etc.," appellant, by the verdict of the jury finding him guilty under the count as to the "Chevrolet Motor Car etc.," specifying it, was acquitted of guilt as to the charge covering the "automobile tires, tubes and rims etc." Lee v. State, 21 Ala. App. 422, 109 So. 124. And yet the evidence tending to connect appellant with said "automobile tires, tubes and rims etc." was every scintilla that there was connecting, or tending to connect, him with the theft of the said motorcar.

But the judgment of conviction must be reversed, so we will not puzzle ourselves over the situation noted.

As above indicated, the count of the indictment upon which appellant was convicted charged him with feloniously taking etc., "one Chevrolet Motor Car etc." The bill of exceptions states that it contains all the evidence introduced on the trial; "but there was no proof identifying the automobile, or motor car spoken of on the trial, as being the one so particularly described in the indictment. Without such proof there could be no conviction under the indictment. When the indictment contains unnecessary specifications, or describes the offense more particularly than is necessary, the proof must correspond to the allegations of the indictment." Morris et al. v. State, 97 Ala. 82, 12 So. 276.

And we do not think circuit, etc., rules 34 and 35, or either of them, have application to such a case.

However, here appellant, in addition to requesting the general affirmative charge to be given in his favor, presents properly, for our consideration, the action of the trial court in overruling his motion to set aside the verdict, etc., and grant him a new trial.

For this last-named action the judgment is reversed, and the cause remanded.

Reversed and remanded.