# Morris *et al. v.* The State.

*Indictment for Robbery.*

1. *Conviction for larceny on charge of robbery.*—Under an indictment for robbery, there can be a conviction for larceny, since under section 4482 of the Code, there can be a conviction for any offense included in that charged in the indictment.

2. *Description of property must be proven as charged.*—Where an indictment describes the stolen property with unnecessary particularity, and the proof fails to identify the property stolen with that described in the indictment, a conviction cannot properly be had.

APPEAL from Barbour Circuit Court.
Tried before Hon. J. M. CARMICHAEL.

G. L. COMER, for appellants, cited 1 Bish. Crim. Pro. § 486; *Barclay v. State,* 55 Ga. 179; *Com. v. Butcher,* 4 Grat, 544; *Rangel v. State,* 1 Tex. App. 461; *Turner v. State,* 3 Heisk. 452; *State v. Royster,* 65 N. C. 539; *Griffin v. State,* 76 Ala. 29; as to the failure to prove description of property as charged, and insisted that there could be no conviction for larceny under the indictment, citing Code Sec. 4385; *Coleman's case,* 5 Port. 40; *Adams' case,* 55 Ala. 143; *Lynch's case,* 89 Ala. 18; 5 Pa. St. 126; 1 Bish. Cr. Law §§ 804-810; 1 Arch. Cr. Pr. & Pl. p. 292.

W. L. MARTIN, Attorney-General, *contra,* cited 2 Bish. Cr. Pro. § 1001; 1 Wharton Cr. Law, §§ 27-858; Code § 4482; *Allen's case,* 58 Ala. 98; and on question of variance, relied on Whar. Cr. Ev. 121; 2 Bish. Cr. Pro. § 711.

STONE, C. J.—The appellants in this case were indicted for robbery, and convicted of petit larceny. The point most strongly urged for the appellants is, that having been indicted for robbery the conviction in this case was not justified. We can not subscribe to this contention. It is a well established rule of criminal law in this State, that where an offense charged in the indictment includes lesser offenses, the indictment will support a conviction of either of such lesser offenses. The major always includes the minor. Code of 1886, § 4482. The crime of robbery includes all the elements of larceny, with the one additional element

of force, or putting in fear. If there be a taking away by trick or contrivance, or carrying away with felonious intent, but no violence or putting in fear as a means of caption of anothers' property, there is larceny but no robbery. *Thomas v. State*, 91 Ala. 34; *Commonwealth v. James*, 1 Pick. 375. This offense is certainly included in an indictment that charged that. the defendant "feloniously took a watch . . . from the person of Zack Simms against his will by violence to his person, or by putting him in such fear as to unwillingly part with the same." This principle can not be affected by the fact that our statutes have divided larceny into two classes—grand and petit. There was no such classification known to the common law; but larceny itself is as old in the common law jurisprudence as is robbery. Hence this contention of appellants' counsel has no force. *Allen v. State*, 58 Ala. 98; 1 Russell on Crimes, 905.

The indictment charges that the defendants "feloniously took a watch by mark of the same, a patent Longine, of the value of ten dollars." The bill of exceptions states that it contains all of the evidence introduced on the trial; but there was no proof identifying the watch spoken of on the trial, as being the one so particularly described in the indictment. Without such proof there could be no conviction under the indictment. When the indictment contains unnecessary specifications, or describes the offense more particularly than is necessary, the proof must correspond to the allegations of the indictment. *McGhee v. State*, 52 Ala. 224. Under this view the general affirmative charge requested by the defendants should have been given.

Reversed and remanded. .

| 97    83|
|f139  117|

