# Jackson v. The State.

*Indictment for obtaining Money by entering into a Contract in Writing with the intent to defraud the Employer.*

1. *Limitation of prosecution.*—Prosecution for a misdemeanor in the circuit, city and county courts, unless otherwise provided, is barred if not commenced within twelve months after the commission of the offense (Crim. Code, § 2711) ; and where the issue of a warrant is relied upon to save a subsequent indictment from the bar of the statute, the indictment must charge the commission of the same offense as that which is described or charged in the warrant ; for if the indictment charges another, distinct offense, though it may be of the same character of offense as that described in the warrant, it is not a continuance of the prosecution commenced by the issuance of the warrant.

[Jackson v. The State.]

2. *Same; facts of the present case.*—An indictment which charges the defendant with obtaining $7.50, by entering into a written contract of employment with the intent to defraud the employer, charges a misdemeanor, and if preferred more than 12 months after the commission of the offense charged, this prosecution is barred; and the fact that a warrant charging the defendant with obtaining the same money under false pretenses was issued within twelve months from the commission of the offense, does not prevent the bar of the statute of limitations; the warrant and the indictment charging different offenses.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

The indictment against the defendant was found under section 3812 of the Criminal Code of 1886, charging the defendant with obtaining seven 50-100 dollars in money, and was presented in open court on March 2, 1894. The defendant pleaded a special plea, in which he set up that the contract referred to in the indictment was entered into on April 10, 1892, and the money obtained thereon was then obtained, and that as the indictment was not preferred until March 2, 1894, a period of more than one year, the indictment was barred by the statute of limitations of one year. The State, by its solicitor, filed a replication to this plea, in which it set out the fact that on May 10, 1892, J. W. Urquhart, one of the parties mentioned as being defrauded in the indictment, made an affidavit before a justice of the peace, charging this same defendant with obtaining money under false pretenses, and that a warrant was issued by said magistrate, in which the offense charged against the defendant was that of obtaining money under false pretenses, committed on April 10, 1892. The indorsement on this warrant showed that it was executed on January 3, 1894. The replication further averred that the offense charged in said affidavit and warrant was the identical offense charged in the indictment, and that the defendant and the person defrauded were the same as those in the indictment. The defendant demurred to this replication, on the grounds, 1st, that it was no answer to said plea; and 2d, that said replication showed a prosecution for a different offense from that set out in the indictment. This demurrer was overruled, and the defendant duly excepted.

On the trial of the cause, there was evidence tending to show the facts set up in the indictment, and in the

replication to the defendant's plea of the statute of limitations of one year.   The defendant introduced no evidence, but asked the court to give the general affirmative charge in his behalf, and duly excepted to the court's refusal to give the same.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Ex parte Riley*, 94 Ala. 82 ; *Martin v. State*, 79 Ala. 267 ; *Foster v. State*, 38 Ala. 425 ; *Molett v. State*, 33 Ala. 408 ; *Ross v. State*, 55 Ala. 177 ; Code of 1886, §§ 3713, 3714.

BRICKELL, C. J.—The question of importance presented by the record is, whether the prosecution was barred by the statute of limitations, at the time of the finding of the indictment.   The offense charged in the indictment is that created by the statute, (Cr. Code, § 3812)—the entering into a contract in writing for the performance of any act or service with the intent to injure or defraud the employer, thereby obtaining money or other personal property from the employer, and without refunding the money or restoring the property, and without just cause, and with the like intent, refusing to perform the act or service.   The punishment imposed, is that which on conviction is imposed for larceny.   The averment of the indictment is that a sum less than twenty-five dollars was obtained by the defendant, and of consequence, the offense charged is a misdemeanor.   The prosecution of all misdemeanors in the circuit, city, or county court, unless otherwise provided, is barred, if not commenced within twelve months after the commission of the offense.—Cr. Code, § 3711.   A prosecution may be commenced by finding an indictment, the issuing of a warrant, or by binding over the offender.—Cr. Code, § 3711.   If the issue of a warrant is relied upon to save a subsequent indictment from the bar of the statute, the indictment must charge the commission of the same offense, as that which is described or charged in the warrant.   If the indictment charges another distinct offense, though it may belong to the same family of offenses as that charged or described in the warrant, in no just sense is it a continuance of the prosecution originated or

commenced by the warrant. The indictment is a new, distinct, independent prosecution of itself, an abandonment of the prosecution commenced by the warrant, breaking and destroying the connection or continuity between the two, which the statute contemplates shall exist to avoid the bar it creates.—*Martin v. State,* 79 Ala. 267; *Giles v. State,* 88 Ala. 230.

The warrant charged the offense of obtaining money under false pretenses, a fraud it may be, bearing some resemblance to the fraud the statute under which the indictment is found, is designed to punish. But resemblance is not identity, and the two offenses are of different constituents; the measure of proof which will support the one, would not be sufficient to support the other. Besides, if the warrant was intended to commence a real prosecution, it was not executed until more than eighteen months after its issue, when it had lost all vitality, and was incapable of continuing the prosecution it was intended to commence. *Laches* in the commencement of presecutions, or in the continuance of them, is the mischief the statutory limitation is intended to prevent. It would be singular, if a warrant of arrest, which had lost all vitality, could vitalize a subsequent prosecution by indictment.

The city court erred in overruling the demurrer to the replication to the plea of the statute of limitations. The special plea was not necessary, for the defense was available under the plea of not guilty.—Whart. Cr. Pl. & Pr. § 317. And the court erred in the refusal to charge the jury as requested by the defendant, that if they believed the evidence a verdict of not guilty should be rendered.

The judgment is reversed, and a judgment will be here entered sustaining the demurrer to the replication, acquitting the defendant, and discharging him from further custody.

Reversed and rendered.