## CARNATHAN v. STATE. (2 Div. 230.)

(Court of Appeals of Alabama. April 18, 1922.)

1. Criminal law ⊙—157—Running of limitations not prevented by indictment for another offense.

A warrant charging defendant with robbery will not prevent the running of the statute of limitations against defendant's alleged violation of Code 1907, § 6893, penalizing the presenting of a gun at another, as these two offenses are distinct.

2. Indictment and information ⊙—191(9)—Held not to include violation of statute as to presenting of gun.

A charge of robbery embraces all the lesser crimes growing out of the transaction, such as assault with intent to rob, attempt to rob, and larceny, but does not include a violation of Code 1907, § 6893, penalizing the presenting of a gun at another, as the latter offense is a mere police regulation.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Hays Carnathan was convicted of presenting a gun at another, and he appeals. Reversed, and judgment rendered, discharging defendant.

G. H. Carnathan, of Butler, for appellant.

The defendant was entitled to a directed verdict as it appeared affirmatively that the offense was committed more than 12 months prior to the indictment, circuit court rule 35 not applying. 15 Ala. App. 100, 72 South. 571; 139 Ala. 157, 36 South. 773; 159 Ala. 59, 48 South. 805, 17 Ann. Cas. 716; 12 Cyc. 257; 88 Ala. 230, 7 South. 271; 79 Ala. 267; section 7347, Code 1907; 62 Ala. 29; 106 Ala. 136, 17 South. 349.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The question of importance presented by this record is whether the prosecution is barred by the statutes of limitation. More than 12 months before the return of the indictment a prosecution was begun against this defendant, charging him with robbery. The defendant waived examination, and was bound over to the grand jury on that charge. Upon investigating the charge, the grand jury refused to make presentment on the charge of robbery, but did return a bill charging the defendant with presenting a gun, under section 6893 of the Code of 1907, and it is here admitted that the act charged, if committed, was committed more than 12 months before the return of the indictment. The warrant charging robbery, being relied on to save the running of the statute of limitation, must of necessity embrace the charge included in the indictment for presenting a gun. If the indictment charges another distinct offense, although it may belong to the same family of offenses as that charged in the warrant, it cannot be a continuation of the prosecution begun by the issuance of the warrant. Jackson v. State, 106 Ala. 136, 17 South. 349.

[2] The charge of robbery was a crime under the common law against the person and property of another, and of necessity embraces all the lesser crimes growing out of the transaction, such as assault with intent to rob, attempt to rob, and larceny, grand and petit. 8 Michie's Dig. 665, § 115. But section 6893 of the Code of 1907, creating the offense against presenting a gun, is a mere police regulation, against the reckless

⊙—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or careless use of firearms, and contains none of the elements of that class of crimes relating to robberies.

The court was in error in permitting the defendant to be convicted on proof being made that the offense was committed more than 12 months before the finding of the indictment. For the error pointed out, the judgment is reversed, and, as it is agreed that the offense, if committed, was more than 12 months before the return of the indictment, a judgment will here be rendered, discharging the defendant.

Reversed and rendered.