[Crim. No. 1019.  First Appellate District, Division Two.—April 30, 1923.]

## THE PEOPLE, Respondent, v. JOSEPH J. McHUGH, Appellant.

[1] CRIMINAL LAW—DRIVING AUTOMOBILE WHILE INTOXICATED—EVIDENCE—CONVERSATION PRIOR TO COLLISION.—Where in a prosecution for driving an automobile while intoxicated a witness, who was in the machine with defendant at the time of the accident, testified that defendant's conversation was intelligible and that he was not intoxicated, it was not error to refuse to permit the witness to narrate the particular subjects of the conversation.

[2] ID.—CONDUCT OF COMPANION—GIVING OF WRONG NAME—ASSUMPTION OF RESPONSIBILITY—REASONS—IMMATERIALITY.—Where upon cross-examination of such witness the prosecution brought out the fact that immediately after the accident the witness had given a wrong name and made the statement that he and not the defendant was driving the automobile, it was not error to refuse to allow him on redirect examination to give his reasons for such conduct.

[3] ID.—HYPOTHETICAL QUESTION—PARTIAL STATEMENT OF FACTS.—An objection to a hypothetical question which narrated a number of facts which had been testified to by witnesses for defendant, but omitted many of the facts and circumstances which had been put in evidence by the prosecution, and then asked whether, in the light of the facts narrated, the witness would say that a person was under the influence of liquor or that the manifestations and conditions narrated were due to something besides intoxication, was properly sustained.

[4] ID.—VALUE OF OPINIONS OF NONEXPERTS—QUESTION FOR JURY.—The value of opinions that the defendant was intoxicated given by witnesses who were not experts and who judged merely from narrated objective symptoms rests with the jury.

---

4.  Admissibility of nonexpert testimony to prove intoxication, notes, 10 Ann. Cas. 788; Ann. Cas. 1917C, 628.

APPEAL from a judgment of the Superior Court of Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alexander L. O'Grady and William R. Geary for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment convicting him of driving an automobile in the county of Alameda while intoxicated. The defendant was sentenced to imprisonment for six months in the county jail.

The evidence overwhelmingly sustains the charge against the defendant and the matters urged upon the appeal are all in relation to rulings made by the trial judge upon the admission of testimony at the trial.

While driving in Alameda County the defendant collided with an automobile which was at a standstill at the side of the road. Several persons who were in the automobile which was struck testified to the intoxicated condition of the defendant, as did also passers-by and the police officers who arrested the defendant and who drove him away from the scene of the accident. Several bottles of whisky were found in the defendant's automobile, some of them filled and others partially emptied, and it appears that the defendant was unable to leave his vehicle unaided and had to be assisted by the police officers, and that upon being removed from his car and before he could be placed in the patrol wagon, he fell to the sidewalk when the officers released their hold of him for a moment. There are also numerous other matters appearing in the record which tend to sustain the charge made against the defendant.

[1] The defendant had with him in his automobile at the time of the accident a friend, Thomas Stallard, and two women. Stallard was called as a witness in aid of the defense, which was that defendant was ill and not intoxicated upon the occasion in question. Appellant complains because of a ruling of the trial court in relation to the tes-

timony of Stallard. He testified in detail as to the defend-
ant's activities from the time the party started upon the
ride which ended so disastrously until the time of his arrest.
Stallard was asked if he had been conversing with the
defendant during the drive. He replied that he had. He
was asked what had been the subject of the conversation.
He replied that the conversation had been about their trip.
He also testified that he had observed the condition of the
defendant and that he was not intoxicated; that he was not
under the influence of liquor. He was asked if the remarks
of the defendant during the ride were intelligent and under-
standable, to which he replied: "Oh, yes, I could under-
stand him; yes." He was then asked, again, what the
defendant and he had been speaking of prior to the colli-
sion. Objection was made to this question and sustained.
The appellant now contends that this ruling was error and
maintains that as he was seeking to refute the statements
of the witnesses for the prosecution to the effect that he was
intoxicated, the jury should have been informed as to
the nature of his conversation immediately prior to the
accident, so as to be able to determine whether or not
such conversation indicated intoxication. The contention
of appellant is that the witness Stallard, had he been per-
mitted to answer the question to which objection was
made, would have outlined a conversation had between him-
self and defendant which would have indicated that the
defendant was entirely rational and normal at that time.
However, the jury was told by Stallard that the defendant
was entirely rational; that his conversation was intelligible
and that he was not intoxicated. If they believed this tes-
timony it could not have been strengthened by a narration
of the particular subjects of conversation. As the trial
court remarked in ruling on the testimony sought to be
elicited by counsel, the witness had testified that the con-
versation of the defendant was intelligent and that he was
sober, and nothing more could be added to strengthen the
defense relied upon by going into the details of the conver-
sation.

Objection is next made to the ruling of the court sustain-
ing objection to a question asked Mr. Stallard as to whether
or not, just prior to the accident, the defendant had com-
plained to Stallard concerning his physical condition. It

is contended that such testimony was admissible under the exception to the hearsay rule which admits declarations of one whose sanity is in question, not as evidence of the truth of the facts recited, but as evidence of the state of mind of the person making the declaration. Be that as it may, the testimony sought to be introduced was already before the jury, as this same witness testified that the defendant had complained to him of being faint; that he complained of being ill; that he appeared to be extremely nervous.

[2] Upon cross-examination of the witness Stallard the prosecution brought out the fact that immediately after the accident Stallard had given his name as Kelly and had stated that he and not the defendant was driving the automobile. This was admitted without objection and upon redirect examination the attorney for the defendant asked him why he had given the name of Kelly. Objection was made and sustained to the question. He was also asked why he had stated to those present at the scene of the accident that he and not the defendant was driving the automobile. Objection was made and sustained to this question. The conduct of Stallard was not relevant upon the question of the defendant's guilt and we do not think his reasons for what he did were material.

The remaining objections of the appellant are made to the rulings of the court excluding testimony of defendant's physician, in reply to a hypothetical question and in reply to the following question: "Doctor, could one accurately determine whether or not a person were intoxicated without knowing the history of the case?"

[3] We think the objection to the hypothetical question was properly sustained. The question narrated a number of facts which had been testified to by the witnesses for the defendant, but omitted many of the facts and circumstances which had been put in evidence by the prosecution, and then asked whether, in the light of the facts narrated, the doctor would say that a person was under the influence of liquor or that the manifestations and conditions narrated were due to something besides intoxication. An opinion given by an expert upon a partial statement of the facts is inadmissible and of no value. (5 Encyclopedia of Evidence, pp. 627, 628.)

[4]  As to the other question addressed to the doctor and set out herein, to which an objection was sustained, it is urged by the appellant that it was competent for him to prove that intoxication is a medical disease and cannot be diagnosed without a knowledge of the history of the case. It is argued that upon proving this fact it would follow that the opinions of the witnesses produced by the prosecution to the effect that the defendant was intoxicated were of no value because based merely upon external symptoms and not upon a history of the case.  The defendant's contention upon this matter was clearly before the jury, as appears from a reading of the entire transcript.  Upon cross-examination of the witnesses for the prosecution the attorney for the defendant brought out clearly the fact that such witnesses were not experts upon intoxication; that they judged merely from objective symptoms, which they narrated. They admitted that such symptoms, individually and in combination, were consistent with a condition other than intoxication, as well as with a condition of intoxication, but, they, nevertheless, stated as their opinions, based upon their general information and observation, that the defendant was intoxicated.  The jury was at liberty to accept or reject these opinions of the witnesses for the prosecution.  In the testimony of the defendant's physician the jury had before it other facts which, conceivably, might have explained the defendant's conduct, and which made up the so-called history of the case.  But these latter facts did not explain the defendant's conduct to the satisfaction of the jury and its view of the matter is amply justified by the entire record. We find no miscarriage of justice in the verdict.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.