(133 So. 742)

## ROBERTSON v. STATE.
### 7 Div. 715.

Court of Appeals of Alabama.
March 3, 1931.

Rehearing Stricken April 7, 1931.

S. W. Tate, of Anniston, for appellant.

Thomas E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

### RICE, J.

Appellant was convicted of the offense of robbery, and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Code 1928, § 5460.

■ The case was submitted to the jury upon the second count, only, of the indictment. This count was in the form prescribed by Code 1928, § 4556, form 96, and was hence sufficient against demurrer. Code 1928, § 4527.

■ Under an indictment for robbery, there may be a conviction for assault with intent to rob, for larceny, for attempt to rob, for assault, or for an assault and battery. Rambo v. State, 134 Ala. 71, 32 So. 650; Morris v. State, 97 Ala. 82, 12 So. 276; Carnathan v. State, 18 Ala. App. 452, 93 So. 50; Thomas v. State, 91 Ala. 34, 9 So. 81; Code 1928, § 8697, and many other authorities that might be cited.

Written charge B, requested by appellant, sought to instruct the jury that the law was as set out in the next preceding paragraph. In no other way were they so instructed. We do not think the said charge was abstract, and we must and do hold that its refusal was error, for which the judgment of conviction must be reversed.

We discover no other prejudicially erroneous rulings or actions, but see no need for more extended comment.

The judgment of conviction is reversed, and the cause remanded.

· Reversed and remanded.