[Crim. No. 3722. Second Dist., Div. One. Dec. 27, 1943.]

THE PEOPLE, Respondent, v. AMADEO ROMERO et al., Appellants.

David C. Marcus for Appellants.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant and one Amadeo Romero were jointly charged by an information in two counts with the crimes of robbery and attempted sodomy. Appellant alone was brought to trial, before a jury, and was convicted of robbery in the second degree and of attempted sodomy. This appeal is prosecuted from the judgment, the order denying appellant's motion for a new trial, and the order of the court refusing to certify appellant to the Youth Authority, pursuant to the provisions of division 2.5, chapter I, of the Welfare and Institutions Code (Stats. 1941, ch. 937, p. 2522), now known generally as the Youth Authority Act (Stats. 1943, ch. 690, p. 2442). Appellant herein was convicted prior to the effective date of the amendments to the act in 1943. It is contended that the evidence is insufficient to support the judgment of conviction; that the court erred in admitting and rejecting certain testimony, and in failing to instruct the jury as requested by appellant, and in refusing to certify the appellant to the Youth Authority.

Appellant was one of a party of youths who, on or about November 26, 1942, had joined the complaining witness, one

Walter E. Rabb, at a cafe in Azusa, in the county of Los Angeles, later riding about Azusa with the complaining witness in an automobile. According to the testimony of complainant, the youths, while riding in the car, attacked him, dragged him out of the car, robbed him and attempted sodomy upon his person. There was evidence that the group had engaged in drinking, and that the complaining witness was intoxicated. In his opening brief appellant states: ''Were it not for the fact that this complainant told several contradictory stories, both to the officers and while under oath, respecting his whereabouts, his sojourns through the beer parlors and restaurants of San Gabriel Valley, his sobriety, the liquor consumed by him and the conclusiveness of the defendants' evidence rebutting this witness's story about the money which he claims was taken from him appellant would not seriously urge this point, being mindful that the jury was the sole judge of the credibility of the witness, as was the court sitting as a thirteenth juror on the motion for a new trial.'' The record does not reveal the evidence presented by the defense to be in any respect conclusive; and, although appellant has engaged in an extensive discussion of the testimony of the complaining witness, nevertheless, no sound basis for urging the insufficiency of the evidence is demonstrated. Appellant's argument, upon the record presented, merely reveals the evidence to be conflicting, as between the testimony of the complaining witness and that for the defense, and the question of the credibility of the witnesses to be clearly one for the jury and the trial court. There is no merit in the claim that the evidence was not sufficient to support the judgment.

In the cross-examination of the investigating officer concerning certain conversations had with appellant immediately after the arrest, appellant's counsel sought to elicit from the witness the answer appellant had made when the officer had questioned appellant as to the money that had been taken from the complaining witness. Appellant contends that since the conversations were elicited upon direct examination it was not objectionable to attempt to secure the entire conversation, which would show a denial of guilt. The following excerpt reveals the state of the record with regard to the cross-examination here in question.

''Q. You asked him whether he took any money from Rabb, didn't you? A. Yes. Q. What did he say about that?

Mr. Loucks (Deputy District Attorney): I will object to that as a self-serving declaration on the part of the defendant. Q. By Mr. Marcus: What was the conversation that you had with Mr. Rabb with reference to the money? Mr. Loucks: I will object to the conversation so far as it calls for self-serving declarations on the part of the defendant. Mr. Marcus: It was part of the conversation. The Court: Your question is now what conversation did you have with Mr. Rabb? Mr. Marcus: No, I didn't mean that. With reference to the money that he took from Rabb, the conversation relating to the defendant with reference to the money taken from Rabb. A. I believe several times, principally on the first conversation, and again we talked to him again after talking to the other boys and asked him what had become of the money that Rabb had on his person, and he said that he didn't know anything about the money. Q. You didn't ask him whether he took any money from Rabb, did you? A. I asked them what had become of the money that they had taken from Rabb, yes, I did, I asked him the question. Q. What did he say? Mr. Loucks: We will object to that as calling for a self-serving declaration. The Court: The objection is sustained. Q. By Mr. Marcus: What was the conversation that you had with the defendant with reference to the money that was taken from Rabb, in that first conversation as part of the conversation that you have related on direct examination? Mr. Loucks: I will object to that question as asked and answered. The Court: I understood you just had an answer to that, Mr. Marcus. Objection sustained.''

 It may be seen from the foregoing excerpt that the witness had been permitted to answer the question as to what appellant had said when interrogated about what had become of the complainant's money. However, it may be noted that the witness was not permitted to state what, if anything, appellant had said in response to any question as to whether appellant had taken the money. Nevertheless, the answer stands in the record that appellant had said that he didn't know anything about the money, which response is sufficiently broad to constitute a denial of guilt on the part of appellant, and eliminates the possibility of any prejudice in the matter.

 Only a part of the conversation had been testified to by the officer on direct examination; and respondent contends that it is the rule in such circumstances that upon

120

cross-examination only that portion of the conversation which is germane to the direct examination may be elicited, citing *People* v. *Kiser*, 24 Cal.App. 540 [141 P. 1078], quoting, at page 546, the following: "The contention is that the court erred because the defendant had the right to disclosure of all of the conversation described in the direct examination of the witness. The rule that where part of a conversation has been shown in testimony the remainder of that conversation may be brought out by the opposing party on cross-examination, is necessarily subject to the qualification that the court may exclude those portions of the conversation not relevant to the items thereof which have been introduced." No authority is cited in *People* v. *Kiser, supra,* for the statement above quoted. Moreover, in the present case, that portion of the conversation sought to be elicited upon cross-examination of the officer was germane to the portion elicited upon direct examination. The entire conversation had between the officer and appellant pertained to appellant's connection with the alleged offenses and the part appellant had played therein. *People* v. *McHugh,* 62 Cal.App. 17 [216 P. 76], at p. 19, cited by respondent as authority for the same proposition, does not appear to be applicable.

 Respondent also contends that the questions propounded to the witness under cross-examination with respect to Rabb's money were improper as calling for self-serving declarations on the part of appellant. The authorities cited by respondent upon this point are not applicable here. In the circumstances here presented, respondent appears to take the position that a question, upon direct examination of a police officer, which seeks to elicit a confession, is proper; but where the conversations had between a defendant and a police officer brought out a denial of guilt by the defendant, it would be improper cross-examination to question the officer concerning defendant's denial of guilt, as the denial of guilt would constitute a self-serving declaration. There appears to be little justice or reason in respondent's contention; but, as already pointed out, appellant was not prejudiced in the circumstances, and the point need not be discussed here.

 Appellant complains of having been precluded by the court from cross-examining a police officer as to what appellant and two of the other boys had told the officer regarding their difficulties with the complaining witness, as

shown by the following excerpt: "Q. By Mr. Marcus: Now, Mr. Bletcher, in that conversation didn't the defendant tell you, and Urrea tell you, and Romero tell you, that they tried to get this fellow out of the car, and he would not leave? The Court: How is that admissible here in the cross-examination of this witness? Mr. Marcus: He has listed the conversations that he had with the defendant, and I propose to show that not the entire conversation has been given. The Court: If that is a fact, or these things that you are inquiring about are the facts, you can show this when you get into your own defense. You can't demonstrate that here on cross-examination of this witness as to what a defendant told him. It is pure hearsay, and it is immaterial and not proper cross-examination." The matter thus sought to be elicited through cross-examination of the officer was hearsay, and the trial court was correct in ruling it out. Appellant contends that the examination of the witness was proper as tending to elicit an explanation of appellant's actions with respect to the complainant, thus in effect constituting a denial of guilt. However, the officer, upon cross-examination, was permitted to testify that appellant had told him that appellant did not get into a fight with the complaining witness; and the same witness also testified upon direct examination that appellant had said that he did not beat the complainant and he and the other boys just let complainant out on the street. It therefore appears from the record that the end sought by appellant upon cross-examination had been achieved notwithstanding the ruling of the trial court in the particular instance of which appellant complains.

Appellant complains that the trial court refused to instruct the jury on the charge of battery. It is appellant's contention that under the facts of this case the jury could have found appellant guilty of battery. Appellant was not charged with battery; and as respondent points out, the offense of battery is not necessarily included in that of robbery nor in that of attempted sodomy. Under these circumstances the jury was not privileged to find appellant guilty of battery (see sec. 1159, Pen. Code; also see *People* v. *Lopez,* 135 Cal. 23 [66 P. 965] ; *People* v. *Watts,* 198 Cal. 776, 796 [247 P. 884] ; and *People* v. *McGrath,* 94 Cal.App. 520, 525 [271 P. 549].) Appellant cites no authority upholding his contention in this respect.

■ As to the refusal of the court to certify appellant to the Youth Authority, section 213 of the Penal Code provides a punishment of imprisonment in the state prison for not less than one year for second degree robbery, with no maximum provided. In accord with the recent decision of this court in *People* v. *Ralph*,■ (Cal.App.) [143 P.2d 758], appellant was in legal effect sentenced to a term of life imprisonment under the provisions of section 1168 of the Penal Code, and hence came within the exception noted in subdivision (b) of section 1731.5 of the Welfare and Institutions Code (Stats. 1941, ch. 937, p. 2522), excluding persons sentenced to life imprisonment from certification to the Youth Authority.

The judgment and the orders appealed from are affirmed.

York, P. J., and White, J., concurred.