Tony Anthony James, alias, and Dallas L. Stooksbury, Plaintiffs in Error,

*v.*

State of Tennessee, Defendant in Error.

385 S.W.2d 86.

(*Knoxville*, September Term, 1964.)

Opinion filed November 12, 1964.

Petition for Rehearing Denied December 11, 1964.

Earl E. Leming, Knoxville, for plaintiffs in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

The plaintiffs in error were indicted, tried and convicted upon an indictment containing two counts; count one being a charge of assault and simple robbery, and count two being a charge of assault with a deadly weapon and robbery.

The jury found "each defendant not guilty as to robbery and larceny from the person and find each guilty of assault and battery." The plaintiffs in error, defendants below, filed a motion for a new trial in which they contended that assault and battery is not a necessary included offense under the counts of the indictment. The motion for a new trial was overruled. The defendants appealed in error to this Court and rely upon one single assignment, viz:

"The trial court erred in charging the jury that if it should find the defendants not guilty of robbery, the jury would proceed to determine whether or not they are guilty of an assault and battery, a misdemeanor, which is also included in this indictment."

The bill of exceptions contains only the instructions to the jury by the trial judge and in these instructions he said:

In the event you find them not guilty of any of the foregoing felonies, you will proceed to determine whether

or not they are guilty of assault and battery, a misdemeanor, which is also included in this indictment.

■ Thus, we are faced with the sole question of whether or not assault and battery is a lesser included offense in the general offense of robbery as it is defined in T.C.A. sec. 39-3901, to-wit:

"* * * the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear."

We have been unable to find any case holding that assault and battery is a lesser included offense in an indictment for robbery, but it seems axiomatic that the commission of robbery (which is defined as taking property from another person by violence or putting him in fear), would necessarily include the lesser offense of assault and battery. We do not see how it could be otherwise.

Our statute provides that robbery is committed either by means of violence or by fear. In many robberies both violence (force) and fear are present, but only one of these elements is necessary, either being sufficient to constitute the crime.

One may be struck down by an assailant whom the victim does not hear or see, and may then be robbed while unconscious. There is *violence* in such a case but no *putting in fear*. Also, one may hand over his money to a robber who is causing fear of death or great bodily harm by mere oral threats. This is, likewise, robbery although no actual violence or physical force is used, for robbery may be committed without search of clothing or touching the person in the possession of the property. 2 Burdick, Law of Crime, sec. 559 (1946).

 We are of the opinion that the words of the statute "putting the person in fear" must be construed so as to include an assault as a lesser included offense of robbery. Similarly, the term "by violence" is construed as to include a battery as a lesser included offense of robbery. Thus, we think that the trial judge correctly charged the jury as to assault and battery under the indictment.

While it is universally held that an assault is a lesser included offense of robbery, we are not unmindful that there is some confusion and disagreement among the jurisdictions as to including a battery as a lesser offense in a general indictment of robbery.

Those jurisdictions, which hold a battery is not an included offense under an indictment of robbery do so on the grounds that a robbery may take place without the slightest touching of the person. As a battery is defined as the "wrongful or offensive touching" then, *a priori*, a battery is not a lesser included offense of robbery. *People v. Romero,* 62 Cal.App.2d 116, 144 P.2d 411 (1943); *People v. Driscoll,* 53 Cal.App.2d 590, 128 P.2d 382 (1942).

It is our opinion, however, that our robbery statute is intended to be applied in an alternative fashion, that is, a taking of goods either *by violence or by putting the person in fear.* The term "violence" under the common law definition of robbery is sufficiently broad to include or, in fact, is synonymous with battery. 2 Bishop, Criminal Law, sec. 1166 (9th ed. 1923). The dual nature of the statute commands the inclusion of both an assault and a battery as a lesser offense under an indictment for robbery.

In the case *sub judice,* we are dealing with an indictment using similar language, i. e.:

> * * * did * * * feloniously and by force and by violence and by putting the said (victim) in fear, rob, steal * * *.

In the case of *Hazlett v. State,* 229 Ind. 577, 99 N.E.2d 743 (1951), the affidavit or indictment charged that the defendant "unlawfully, feloniously, and forcibly and by violence" did take the amount of $5.00 from the person of another. It was held that the words of the affidavit "forcibly and by violence" charged a battery and an assault which was included within the charge of battery.

In *Watkins v. Commonwealth,* 287 S.W.2d 416, 58 A.L. R.2d 804 (Ky.1956), it was held that the defendants, being prosecuted for robbery, were entitled to an instruction on the lesser offense of assault and battery, which the jury would be justified in believing took place independently of the alleged robbery. For failure to give this instruction the judgment was reversed. In the words of the court:

> "We have no fixed rule with respect to when this instruction should or should not be given. It has been held that common assault and battery is a degree of the crime of assault with intent to rob. *Abner v. Commonwealth,* 210 Ky. 536, 276 S.W. 513. The theory that such an offense is a degree of the crime has been carried over into our robbery and armed robbery cases." 287 S.W.2d at 418.

In Alabama case, *Robertson v. State,* 24 Ala.App. 237, 133 So. 742 (1931), also held that under an indictment for robbery, there may be a conviction for assault with intent to rob, for larceny, for attempt to rob, for assault, or

for assault and battery, citing the following cases as authority; *Rambo v. State,* 134 Ala. 71, 32 So. 650; *Morris v. State,* 97 Ala. 82, 12 So. 276; *Carnathan v. State,* 18 Ala.App. 452, 93 So. 50; *Thomas v. State,* 91 Ala. 34, 9 So. 81.

Lastly, in the case of *People v. Allie,* 216 Mich. 133, 184 N.W. 423 (1921), it was held that in a prosecution for robbery where statute provided that a jury might convict of any degree inferior to that charged, or of an attempt to commit such offense, the defendant had a right to have the jury instructed that he could be convicted of an attempt to commit robbery or assault and battery. The court said:

"This court has held specifically that one charged with robbery may be convicted of an assault with intent to rob. *People v. Blanchard,* 136 Mich [146] 148, 98 N.W. 983. And the rule elsewhere appears to be that he may be convicted of assault and battery." 184 N.W. at 424.

Relying upon the above authority we, therefore, overrule all assignments charging error on the part of the trial judge in instructing the jury on assault and battery under an indictment for robbery.

■ This does not mean, however, that the trial judge must instruct the jury on the said lesser offense in every indictment for robbery. The holding of this Court is that the trial judge shall so instruct the jury if there is factual evidence which would support a conviction for the lesser included offense.

Should the evidence justify only the conclusion that the defendants were guilty of robbery, or guilty of no offense whatever, then the trial court would not be required to instruct the jury as to the lesser offense of

assault and battery. *Baker v. State,* 203 Tenn. 574, 315 S.W.2d 5 (1958); *Commonwealth of Pennsylvania v. Walker,* 178 Pa.Super. 522, 116 A.2d 230 (1955). On the other hand, we have held, when the evidence justifies it, that an instruction on assault and battery must be given. *Strader v. State,* 210 Tenn. 669, 362 S.W.2d 224 (1962). See also 58 A.L.R.2d 808 (1958).

We also cite 77 C.J.S. Robbery sec. 49 c(2) (1952), as follows:

"Where the evidence raises the issue, the court may instruct the jury as to any offense of a lower grade necessarily included within a charge of robbery, and ordinarily, under the authorities on the question, should do so, regardless of how improbable the evidence might be. Such a charge is not required, however, where under the evidence accused is either guilty of robbery or innocent of any offense charged, or where there is no evidence which would support a conviction for the lesser offense, * * * or where accused denies having taken anything."

Under T.C.A. sec. 40-2518, it is the duty of all judges in cases of criminal prosecutions for felonies wherein two or more grades or classes of offense may be included in the indictment to charge the law of each offense. However, where there is no evidence to support a lesser included offense so that the accused can be guilty only of the greater offense or no offense at all, it is not error to refuse to instruct on the lesser included offenses. *Baker v. State,* supra; *Taylor v. State,* 212 Tenn. 187, 369 S.W.2d 385 (1963).

In the instant case, no transcript of testimony has been filed so we are unable to determine whether

there was sufficient factual basis for the instruction on assault and battery. We must assume that the trial judge acted properly in the absence of anything to the contrary.

Therefore, the assignment of error is overruled and the judgment is affirmed.

BURNETT, CHIEF JUSTICE, DYER, and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.

## Opinion on Petition to Rehear

■ Plaintiffs in error have filed a petition to rehear. Under T.C.A. sec. 40-3409, we are bound, as suggested in the petition, to consider any errors in the record, whether there has been an assignment or not.

■ In this case, however, the bill of exceptions does not contain a complete transcript of testimony, but instead concerns itself only with the charge to the jury. Therefore, in the absence of the complete record, we must presume that the facts presented on trial fully substantiated the verdict of the jury. *Norris v. Richards,* 45 Tenn. App. 100, 320 S.W.2d 730 (1958); *McAmis v. Carlisle,* 42 Tenn. App. 195, 300 S.W.2d 59 (1956); *Findlay v. Monroe,* 196 Tenn. 690, 270 S.W.2d 325 (1954).

■ The only new matter presented in this petition is the contention that plaintiffs in error were denied "due process" and "equal protection of the law" under the Fourteenth Amendment of the United States Constitution in that the indictment did not properly inform the plaintiffs in error of the assault and battery charge. The argument is that since the question of whether assault and battery is a lesser included offense of robbery is a case of first impression in Tennessee, the defendants had no notice that they could be convicted of assault and battery under a robbery indictment.

On appeal the plaintiffs in error argued that assault and battery was not a lesser included crime of robbery, and that an indictment for robbery did not fairly inform them of the charge of assault and battery. Our opinion states that assault and battery is a lesser included offense of robbery, and implicit therein is our opinion that the plaintiffs in error were fairly informed of all charges for which they might be convicted. It is not necessary to repeat the words of the original opinion.

We would not have held assault and battery to be a lesser included offense of robbery had we not believed the plaintiffs in error were fairly informed of the possibility of assault and battery conviction by the indictment for robbery.

Our opinion called attention to the language of the indictment, as follows:

\* \* \* did \* \* \* feloniously and by force and by violence and by putting the said [victim] in fear, rob, steal \* \* \*.

We think beyond doubt that this language fairly informed the plaintiffs in error of the possibility of conviction for assault and battery as well as robbery, and their conviction of assault and battery was not, therefore, in violation of the Fourteenth Amendment as claimed.

The petition to rehear is accordingly denied.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.