**Dorris Norvell ROCKETT, Jr.,
Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 6, 1972.

Certiorari Denied by Supreme Court
March 6, 1972.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Leonard T. Lafferty, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The Shelby County grand jury indicted the defendant, Dorris Norvell Rockett, Jr., for robbery by use of a deadly weapon of Judy C. Mullins and taking from her $4.18. The petit jury convicted him of this offense and fixed his punishment at 21 years and six months in the penitentiary.

Rockett's principal contention is that the trial judge should have directed a verdict of not guilty of robbery because the victim said she was not afraid. We hold that he properly submitted the case to the jury.

The state's proof showed that at about 10:30 P.M. Mrs. Judy C. Mullins, with her young son, was in a parked automobile at a shopping center in Memphis where she was waiting for her husband, the manager of a Kroger store.

Rockett pulled a pistol, pointed it at the child's head and threatened to kill him if he screamed. He then got in the car and ordered Mrs. Mullins to drive south on Third Street. All the time they were traveling, he pointed the pistol at her. Her purse was on the floorboard and he took $4.18 from it. He also searched the glove compartment and took a pistol.

The defendant directed the route Mrs. Mullins was to follow, used foul language and told her of his intention to rape her. She refused his order to drive behind a church; and, after driving at 80 to 90 miles per hour, she entered a service station, where she screamed and fought her way from the car, pulling her small son with her.

Rockett drove away and was pursued at a high speed by an officer who had witnessed Mrs. Mullins' escape. A few blocks away Rockett lost control of the car and struck a telephone pole. Mrs. Mullins arrived at the scene of the wreck a few minutes later and saw him there. He had the $4.18 in his shirt pocket. The officers also found two pistols, one taken by the defendant from the glove compartment. Rockett was not seriously injured but was taken to the hospital. The trial judge properly held his statements inadmissible.

The defendant filed a special plea of insanity as well as plea of not guilty. He testified that he did not remember anything about the events of that evening, not even the automobile wreck or being taken to the hospital. His mother testified that she thought him insane at times and not insane at other times; that he had been abnormal. The trial judge instructed the jury on insanity and amnesia.

In his cross-examination on which the defendant relies, Mrs. Mullins said:

"Q  It didn't frighten you that somebody was riding with you with a deadly weapon, right?

A  No Sir, not at first.

Q  INAUDIBLE

A  I was scared, but—I mean I wasn't terrified.

Q  When you were put in fear of great bodily harm or anything like that?

A  No, because I didn't think he was going to do anything.

Q  You were not afraid?

A  No.

Q  I believe that's all I have."

When she learned the defendant also intended to rape her, she said:

"(A)nd I didn't answer him 'cause I was too scared. And he said, I asked you a question, now answer me, and he repeated his question, and this was when I got really scared and I started crying and my little boy started crying, he wanted me to take him."

In James v. State, 215 Tenn. 221, 385 S. W.2d 86 (1964), our Supreme Court said:

"(O)ur robbery statute is intended to be applied in an alternative fashion, that is, a taking of goods either *by violence or by putting the person in fear.*"

From the beginning of the incident, the defendant held a pistol on Mrs. Mullins and threatened to kill her and her son. He took her money by violence and his conduct supports the finding of armed robbery.

■ These facts constitute a crime committed by force and violence. Facts sufficient to imply the greatest degree of terror or fright need not be proved. It is enough that the facts proved show such an employment of force alone, or with threatening language or gestures as will result in the person robbed surrendering his property without or against his consent.

The evidence fully justifies the conviction. We have considered all assignments and find them without merit. The judgment is affirmed.

RUSSELL and O'BRIEN, JJ., concur.