958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse Eugene HARRIS, Petitioner-Appellant,
v.
Hartwell R. HATFIELD, Respondent-Appellee.
 No. 91-6287.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1992.
 
 1
 Before BATCHELDER, Circuit Judge; LIVELY, Senior Circuit Judge, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Jesse Eugene Harris is a pro se Tennessee prisoner who appeals the dismissal of a habeas corpus petition that he had filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In February of 1987, a jury convicted Harris of one count of larceny and of being a persistent offender. He was sentenced to a term of ten years imprisonment as a result of these charges. Harris alleged that he had been denied due process and effective assistance of counsel because his trial counsel had not requested an instruction on assault as a lesser included offense. Harris argued that an assault instruction was appropriate because he had been indicted initially for armed robbery, which includes an element of fear or force, and because the victim had testified that she was afraid. On October 22, 1991, the district court adopted a magistrate judge's recommendation and dismissed the petition. It is from this judgment that Harris now appeals. His brief on appeal contains requests for counsel and for transcripts at government expense.
 
 
 4
 An instruction on a lesser included offense is required under the due process clause only when the evidence warrants a finding of guilt on the lesser offense as well as an acquittal on the greater offense. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). Thus, a Tennessee defendant who is charged with robbery is not entitled to an assault instruction if there is no evidence of such an offense. James v. State, 215 Tenn. 221, 385 S.W.2d 86 (1964), cert. denied, 381 U.S. 941 (1965). The Tennessee Court of Criminal Appeals found that there was no evidence to show that an assault had occurred. As affirmed, this ruling is binding insofar as it involves a question of state law. See Bagby v. Sowders, 894 F.2d 792, 795 (6th Cir.) (plurality opinion) (en banc), cert. denied, 110 S.Ct. 2626 (1990). Thus, the trial court's failure to instruct the jury on assault did not violate Harris's right to due process because the evidence did not warrant a finding of guilt on that charge.
 
 
 5
 To establish ineffective assistance of counsel, Harris must show that counsel's performance was defective and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the present case, the district court properly held that the state court's ruling also precluded a finding that counsel's performance was constitutionally defective.
 
 
 6
 Accordingly, Harris's requests for counsel and for transcripts are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation