IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. OSCAR REYNOLDS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-07115     Joseph B. Dailey, Judge**

———

**No. W2002-01201-CCA-R3-CD  - Filed June 6, 2003**

———

The defendant was found guilty of robbery.  His sole issue on appeal is whether the trial court erred in refusing to instruct the jury on the lesser included offense of theft.  Theft is a lesser included offense of robbery.  However, we conclude the failure to instruct the jury was harmless beyond a reasonable doubt.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Robert Wilson Jones, District Public Defender; Garland Ergüden and Henry Sayle, Assistant Public Defenders, for the appellant, Oscar Reynolds.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Oscar Reynolds, was convicted of two counts of robbery on January 23, 2002, which were merged to a single count.  Following a jury trial and sentencing hearing, the defendant was sentenced to ten years as a Range II offender.  The defendant contends that the trial court erred in refusing to charge the jury on the lesser included offense of theft.

On February 25, 2000, the defendant reached under a bathroom stall door of a Memphis office complex and grabbed the wallet of the victim, John Brady.  As the defendant and the victim struggled over the victim's pants, the defendant pulled the victim from the toilet to the middle of the bathroom, ripping away the victim's entire left pant leg, which held the victim's wallet.  The defendant fled the bathroom with the victim's wallet and was later apprehended.

At the conclusion of the defendant's jury trial, the defendant's trial counsel requested that the trial court charge the jury with the lesser included offense of theft. The State argued that "no reasonable juror can conclude that this was anything but a robbery based on the proof." The trial court denied the defendant's request and stated that "it's an insult to the intelligence of every citizen of Shelby County to suggest that this was anything but a robbery."

**Analysis**

The defendant's sole contention is that the trial court erred in refusing to charge the jury on the lesser included offense of theft. The record reflects that the defendant requested an instruction on the lesser included offense of theft of property, and the trial court refused.

The trial court has a duty to instruct the jury on any lesser included offense of the offense charged for which the evidence would support a conviction, whether or not the defendant has requested such an instruction. See State v. Burns, 6 S.W.3d 453, 463 (Tenn. 1999); State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). Whether a court erroneously determined which lesser included offenses should be submitted to the jury is a mixed question of law and fact. See Burns, 6 S.W.3d at 461. Therefore, we review this issue de novo with no presumption of correctness. See id.

An offense qualifies as a lesser included offense if:
(a) all of its statutory elements are included within the statutory elements of the offense charged; or
(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or
(c) it consists of [facilitation, attempt, or solicitation] of the offense charged or of an offense that otherwise meets the definition of lesser included offense in part (a) or (b) ....

Id. at 466-67.

Theft is committed if "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. Robbery is "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). It is the use of violence or fear that differentiates robbery from theft. The existence of violence or fear elevates the offense to a robbery. James v. State, 215 Tenn. 221, 385 S.W.2d 86, 88 (1964).

Our supreme court has determined that theft is a lesser included offense of robbery. See State v. Bowles, 52 S.W.3d 69, 79 (Tenn. 2001); State v. Fitz, 19 S.W.3d 213, 216 (Tenn. 2000). We conclude that in proving the greater offense of robbery, the State necessarily has proven the lesser

offense of theft, because all of the statutory elements of the lesser offense are included in the greater. It was error for the trial court to fail to instruct the jury on the lesser included offense of theft.

As we are informed in <u>State v. Richmond</u>, 90 S.W.3d 648, 661 (Tenn. 2002), our inquiry does not end here. We must determine whether the error was harmless. Our supreme court has determined that failure to instruct the jury on lesser included offenses will merit reversal unless the State proves beyond a reasonable doubt that the outcome of the trial was not affected. <u>See</u> <u>State v. Ely</u>, 48 S.W.3d 710, 726 (Tenn. 2001). Failure to instruct on a lesser included offense is harmless beyond a reasonable doubt when the "omitted element was uncontested and supported by overwhelming and uncontroverted evidence." <u>State v. Allen</u>, 69 S.W.3d 181, 190 (Tenn. 2002).

In the instant case, the "omitted elements" are "from the person" and "by violence or putting the person in fear." The evidence is uncontroverted and overwhelming that the defendant grabbed the leg of the victim's pants in order to steal the wallet contained in the pants' pocket. This satisfies the "from the person" element. The defendant then pulled the victim from the bathroom stall and used such force to rip the victim's entire pant leg from his body. This satisfies the "by violence or putting the person in fear" element.

We conclude that no reasonable jury would have convicted the defendant on the lesser included offense of theft, due to the uncontroverted and overwhelming evidence establishing robbery. Any error was harmless beyond a reasonable doubt.

## **Conclusion**

We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE