IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2006

## STATE OF TENNESSEE v. JASON GOOLSBY

**Direct Appeal from the Criminal Court for Putnam County**
**No. 01-0556    Lillie Ann Sells, Judge**

_____

**No. M2002-02985-CCA-R3-CD - Filed November 7, 2006**

_____

The defendant, Jason Goolsby, was convicted of aggravated burglary, a Class C felony, and burglary and two counts of theft over $1000, Class D felonies. The trial court sentenced him as a Range I, standard offender to concurrent terms of four years and six months for the aggravated burglary conviction and three years and six months for each of the Class D felonies, with nine months to be served in confinement and the balance on probation. On appeal, the defendant argues that the trial court erred in instructing the jury. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and J.S. DANIEL, SR. J., joined.

E.J. Mackie, Cookeville, Tennessee, for the appellant, Jason Goolsby

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; William E. Gibson, District Attorney General; and Anthony J. Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record on appeal does not contain a transcript of the defendant's trial. Without a transcript, we rely only on the allegations made in the indictment to set out a factual background for this appeal. The indictment alleges that on October 24, 1999, the defendant unlawfully entered Jiffy Auto Sales in Putnam County and took numerous items, including a Toyota automobile valued at over $1000, and that the following day, he unlawfully entered the home of John Cornelison and removed items valued at over $1500. Also, according to the indictment, the defendant was accompanied during these events by Adam Frazier, who was sixteen years old at the time. Based on these allegations, the defendant was charged with: (1) burglary, Tenn. Code Ann. § 39-14-402

(2003); (2) theft of property over $1000, Tenn. Code Ann. § 39-14-103 (2003); (3) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2003); (4) theft of property over $1000, Tenn. Code Ann. § 39-14-103 (2003); and (5) contributing to or encouraging the delinquency or unruly behavior of a child, Tenn. Code Ann. § 37-1-156 (2003). Following a jury trial on May 21, 2002, the defendant was convicted of all charges except the contributing to the delinquency or unruly behavior of a child charge.

On October 28, 2002, the trial court denied the defendant's motion for a new trial. Subsequently, on November 25, 2002, the defendant filed a motion requesting the trial court to declare him indigent and provide him with a transcript of relevant proceedings so that he could have full appellate review. Two days later, the trial court granted his motion, stating "the [d]efendant is entitled to a transcript of the proceedings at the expense of the State of Tennessee" and ordering the court reporter "to transcribe the proceedings in this cause so that same may be made a part of the record incident to the [d]efendant's appeal." It appears, however, that the court reporter did not comply with the order and, for reasons unknown, a transcript of the trial was never prepared.

On appeal, the defendant argues that the trial court committed three errors in instructing the jury. As an initial matter, we note that the transcript of the trial court's actual instructions to the jury is not included in the record on appeal. Instead, all we have before us are the typewritten jury instructions. One of the elementary duties of a defendant is to prepare an adequate record in order to allow meaningful review on appeal. See Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). When the record is incomplete and does not contain information relevant to an issue presented for review, we are ordinarily precluded from reviewing the issue. State v. Gibson, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Nonetheless, neither party disputes the accuracy of the typewritten jury instructions, and we will therefore assume that they correspond to the trial court's actual instructions at trial.

## ANALYSIS

First, the defendant contends that the trial court erred by instructing the jury that it could find him guilty of the burglary charges if it found that he acted "either intentionally, knowingly, or recklessly." The defendant argues that the statute defining burglary, Tenn. Code Ann. § 39-14-402 (2003), requires an intentional mental state and, as such, "because the trial court should have only charged the jury with the "intentionally' language and not the 'knowingly' and 'recklessly' language[,] [the defendant] is entitled to a new trial."

Burglary is defined as:

(a) A person commits burglary who, without the effective consent of the property owner:

(1) Enters a building other than a habitation (or any portion thereof) *not open to the public*, *with intent* to commit a felony, theft or assault;

(2) Remains concealed, *with the intent* to commit a felony, theft or assault, in a building;

(3) Enters a building and commits or attempts to commit a felony, theft or assault; *or*

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle *with intent* to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a) (2003) (emphasis added).[1]  The statute sets out four different actions a person can take that, when done "without the effective consent of the property owner," constitute burglary.  See id.  Subsections (1), (2), and (4) require that the person act "with intent to commit a felony, theft or assault."[2]  See id.  Subsection (3), however, does not contain a mental state element:  under this definition, it is burglary if a person enters any building without the effective consent of the owner and actually commits a felony, theft, or assault, rather than merely intending to do so.  It is clear from the record that this is the subsection on which the trial court's instructions were based.

As such, contrary to the defendant's assertions on appeal, the trial court charged the jury with a definition of burglary that does not specify what level of mental culpability a defendant must possess in order to be found guilty.  As the State points out on appeal, when a crime's definition is silent as to the culpable mental state, a general provision of Tennessee's criminal statutory scheme, Tenn. Code Ann. § 39-11-301(c), supplies the requisite *mens rea*.  That statute provides:  "If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state."  Tenn. Code Ann. § 39-11-301(c) (2003).  Thus, the defendant's argument that the trial court's charge was erroneous because it allowed the jury to find him guilty of the burglary charges on a finding that he acted either intentionally, knowingly or recklessly is without merit.  See id.; see also T.P.I.–Crim. 14.01 n.4 (8th ed. 2004) (stating that when this definition of burglary is charged, "the element of entering with 'intent' is not required, and there is no conflict with the definitions of 'knowingly' and 'recklessly'").

The defendant also contends that the trial court erred in instructing the jury on the theft charges.  He was charged with two counts of theft of property over $1000, which is defined as:  "A person commits theft of property if, *with intent* to deprive the owner of property, the person *knowingly* obtains or exercises control over the property without the owner's effective consent."  Tenn. Code Ann. § 39-14-103(2003) (emphasis added).  The defendant argues that the trial court failed to distinguish which mental element applies to which statutory element (i.e., that the court

---

[1] Aggravated burglary is defined by reference to burglary and has the same *mens rea* requirements: it is "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402."  Tenn. Code Ann. § 39-14-403 (2003).

[2] Subsection (4) also provides an alternative:  under that definition, if a person enters a motor vehicle and actually commits a felony, theft, or assault, there is no *mens rea* requirement.

failed to instruct the jury that the defendant had to have *knowingly* obtained the property, but *intended* to deprive the owner of it). Our review of the jury instructions reveals that this argument is simply inaccurate: the trial court did instruct that, to find the defendant guilty of theft, the jury must conclude that he *knowingly* obtained the property, and *intended* to deprive the owner of it.

The defendant further argues that the trial court erred by failing to instruct the jury on lesser-included offenses. However, despite receiving written instructions to submit his recommendations for jury instructions, the defendant did not do so. Accordingly, he has waived this issue on appeal. See Tenn. Code Ann. § 40-18-110(c) (2003) (stating "[n]otwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.").

Our supreme court recently held that when a defendant fails to comply with Tennessee Code Annotated section 40-18-110, an appellate court can still review the omission of instruction on lesser-included offenses under the plain error doctrine. State v. Page, 184 S.W.3d 223, 226 (Tenn. 2006). However, without a transcript of the evidence presented at the defendant's trial, this court is unable to examine whether the omission was plain error and must presume that it was not. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (stating that "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence") (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)); see also State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (listing as the first of five requirements for a finding of plain error that "the record must clearly establish what occurred in the trial court") (citation omitted).

Lastly, the defendant contends that the trial court erred by instructing the jury on flight, arguing that a flight instruction was not warranted by the facts and that by giving the instruction, "the court may have improperly influenced the jury toward a guilty conviction."

A flight instruction is warranted when "proof of 'both a leaving the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community, *or a leaving of the community for parts unknown*'" has been presented at trial. State v. Burns, 979 S.W.2d 276, 289-90 (Tenn. 1998) (quoting State v. Payton, 782 S.W.2d 490, 498 (Tenn. Crim. App. 1989)). Without a complete record, this court has no means of evaluating whether the flight instruction was supported by an adequate evidentiary foundation. As such, we must assume that the trial court's decision to give the instruction was proper. See James v. State, 215 Tenn. 221, 228-29, 385 S.W.2d 86, 90 (1964) (stating "[i]n the instant case, no transcript of testimony has been filed[,] so we are unable to determine whether there was [a] sufficient factual basis for the instruction on assault and battery. We must assume that the trial judge acted properly in the absence of anything to the contrary."); see also Oody, 823 S.W.2d at 559.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE