# Allen *v.* The State.

## *Indictment for Robbery.*

1. *Robbery, indictment for; when will support conviction for larceny.*—There may be a conviction for grand larceny, on an indictment for robbery, if the felonious taking of goods of sufficient value be shown, accompanied by the aggravating circumstances necessary to constitute robbery.

APPEAL from the City Court of Mobile.

Heard before the Hon. O. J. SEMMES.

The indictment in this case charged Tude Allen with robbery. The counts of the indictment differed only as to the amount and denomination of the money charged to have been taken from the person of the persecutor; the value laid in each count exceeding twenty-five dollars. On the trial, the larceny of the property, to an amount exceeding twenty-five dollars, was proved, "but the evidence failed to show that any force was used." The court instructed the jury, in substance, that they might convict the defendant of grand

[Allen v. The State.]

larceny, if they found that the prisoner feloniously took and carried away from the person of the prosecutor the money described in the indictment, or any part of the same, to an amount exceeding twenty-five dollars in value, with the intent to convert into the prisoner's own use. The defendant excepted to this charge, and having been convicted and sentenced for grand larceny, appeals, and here assigns the charge as error.

JOHN H. GLENNON, for appellant.—While robbery is not a statutory offense, in this State, yet its punishment is fixed by statute ; and as larceny is a statutory offense in all its grades, defined in various phases, and punished differently, this offense and robbery are entirely of a different class, and a conviction of the former cannot be sustained under a charge of the latter, under our statutes.

JNO. W. A. SANFORD, Attorney-General, *contra.*—Robbery is but an aggravated larceny—a larceny committed by force or violence. The theft from the person, when not accomplished by violence, or putting in fear, is grand or petit larceny, according to the value of the property stolen. On principle, it would seem there can be no doubt of the correctness of the charge given by the court below.

MANNING, J.—The question raised in this case is, whether or not a defendant, indicted for robbery, may be found guilty of grand larceny.

In 1 Russell on Crimes, 905, it is said : " In robbery from the person, as in other complicated or aggravated larcenies, the prisoner may be acquitted of the circumstances of aggravation, namely, the fear, or violence, and found guilty of the simple larceny." Turner's case (in 1 Leach. 536) is referred to as authority on this point.

Robbery itself is defined as "a felonious taking of money or goods, of any value, from the person of another, or in his presence, against his will, by violence, or putting in fear." The felonious taking of the money or goods is a constituent element of the offense, and that is larceny. And if the goods stolen exceed in value $25, the taking of them feloniously is grand larceny under our statute.

The jury, by their verdict, find that they were taken feloniously, and were of a value exceeding $25, but without the circumstances of aggravation—violence or putting in fear; and we think our statutes have made no such changes, as would prevent them from doing so under an indictment for robbery.

Judgment affirmed.