# Danforth *v.* Nabors, Morrow & Sinnige.

*Action on a Promissory Note.*

1. *Action against a person residing on line between two counties; defense; construction of statute giving right of selection of county of residence.*—The statute, which provides that when the residence of any person is partly in one county and partly in another, such person may select the county of his residence by filing a statement in writing in the office of the judge of probate of the county selected, setting forth the locality of his residence and the lines affecting the same, and such statement, when filed and recorded, establishes his residence in the county named therein (Code of 1896, § 1559), has no reference and does not apply to a person who, prior to the passage of said act, had selected his place of residence in one of the adjoining counties; and when such person is sued in the other adjoining county, he has a right to insist upon being sued in the county of his residence, and a plea setting up the defense that he was not a resident of the county wherein the suit was brought, is good, notwithstanding he may not have followed the provisions of the statute in selecting the county of his residence.

[Danforth v. Nabors, Morrow & Sinnige.]

APPEAL from the Circuit Court of Blount.
Tried before the Hon. J. A. BILBRO.

This was an action brought by the appellees, Nabors, Morrow & Sinnige, against the appellant, A. T. Danforth; and counted on a promissory note. The defendant filed a plea to which the plaintiff filed a replication. To this replication the defendant filed a rejoinder. The substance of these pleadings are sufficiently stated in the opinion. The plaintiff demurred to the rejoinder upon the ground that it was no answer to the replication. This demurrer was sustained.

On the trial of the cause there were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the rulings of the trial court upon the pleadings.

INZER & WARD, for appellant.

EMERY C. HALL, *contra.*—The statute which gives the right of selection to persons whose residence is partly in one county and partly in the other, exempts no one from its operation. It is merely remedial and is retroactive in its effect. It does not disturb past transactions, but was enacted simply to cure defects in existing laws as to rights of citizens in their very nature remedial.—3 Brick. Dig. 748.

Statutes which relate alone to the remedy, without creating, enlarging, or destroying the right, operate generally on existing causes of action, as well as on those which afterwards accrue. The legislature may alter, enlarge, modify, or confer a remedy for existing legal rights, without infringing any principle of the Constitution.—Code of 1896, § 1559; *Tutwiler v. Tusk. Coal, Iron and Land Co.*, 89 Ala. 391; *Coosa River St. Boat Co. v. Barclay*, 30 Ala. 120; *Ex parte Pollard*, 40 Ala. 77; Cooley's Const. Lim., 208.

TYSON, J.—The appellant was sued by the appellees in the circuit court of Blount county upon a promissory note. The only plea filed was a plea in abatement setting up the defense that he was not a resident of Blount county at the commencement of the suit. There was a replication filed to this plea in which it is averred that

[Danforth v. Nabors, Morrow & Sinnige.]

the house occupied by appellant as a residence at the commencement of the suit was and now is located partly in the counties of Blount and Jefferson, and "that defendant has not filed a statement in writing setting forth the locality of his residence and the lines affecting the same, together with the county selected by him as his place of residence as in such cases provided by the act of the legislature of Alabama, Acts 1894-5, p. 346." Appellant rejoined to this replication "that he had acquired his residence and selected Jefferson county as his place of residence before the passage of the act of 1894-5." The court sustained a demurrer to this rejoinder, and the appellant assigns as error the ruling of the court in this respect. Notwithstanding this adverse ruling to appellant, the record discloses that he was permitted without objection to introduce evidence upon which he relied to establish his selection of Jefferson county as the county of his residence. The uncontroverted evidence shows that appellant has occupied since August, 1892, as a residence a dwelling house to which is attached a store room or house, located on the county line between the counties of Blount and Jefferson. This line runs through the corner of appellant's dining room and near the center of the store room, so dividing the residence as that the parlor, all bed rooms, hall, all the dining room, except a very few feet in the northwest corner thereof is in Jefferson county. The store room which is connected with the dining room, and one of the bed rooms is so divided by this line as that about two-thirds of it is in Jefferson county. The barn, stables and cookroom are entirely located in Jefferson county. That prior to the time appellant built this house and moved into it he occupied a rented house located entirely in Jefferson county, and since his occupancy of this one he has registered, voted, worked the public road and paid taxes on his personal property in that county. Appellant knew of the location of the county line, but had never filed in the office of the probate judge of Blount or Jefferson county a statement in writing setting forth the locality of his residence and of the line effecting the same, together with the county selected by him for his residence, and had never exercised any rights of citizenship in Blount county, but had

claimed his residence and citizenship in Jefferson county. Section 2640, Code of 1886, requires that appellant must be sued in the county in which he resided at the commencement of the suit if he has within the State a permanent residence. The only question presented here for consideration is whether appellant resided in Blount or Jefferson county.

There can be no controversy that prior to the passage of the act of February 1, 1895 (Acts of 1894-95, p. 346, Code of 1896, § 1559), his residence, under the evidence, was in Jefferson county, and he had the right to insist upon being sued in that county. Did the act work a change in *his status* so as to deprive him of this defense by his failure to comply with its provisions?

The act under consideration provides that "when the residence of any person is partly in two or more different counties * * that such person *may select* the county of his residence," and to this end file a statement in writing in the office of the judge of probate of the county selected setting forth the locality of his residence and the lines effecting the same; when this is done, the county named in the statement shall be the established county of his residence. The purpose of this act is manifestly to furnish evidence by the records of the judge of probate of the county *selected* by persons who may reside on the line between two or more counties, when its provisions have been complied with. In the case under consideration there was no compliance or attempted compliance and, indeed we might add, that by the terms of the act, there was no necessity for a compliance by appellant since he had already made his selection prior to its passage. While it was the privilege of appellant to avail himself of the provision of the act, it was not imperative upon him to do so. The demurrer to the rejoinder should have been overruled.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.