# Rambo *v.* The State.

### *Indictment for Robbery.*

1. *Organization of jury; error for the court to order but one special venire for two or more cases.*—It is error for the trial court, in the drawing of special venires for the trial of capital cases, to order but one special venire for the trial of two or more separate and distinct capital cases; and this is true, although each of said cases may be set down for trial for the same day.

2. *Robbery; conviction can be had for lesser offense.*—On a trial under an indictment for robbery, a conviction can be had for an assault with intent to rob, for larceny, for an assault and battery, or for a simple assault; each of these lesser offenses being included in the charge of the greater offense.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case, Marshall Rambo, was jointly indicted with Sewell Cook for the robbery of John Huttman. On the demand of defendant a severance was granted and Rambo was tried separately. He

was convicted of an "assault with the intent to rob," and was sentenced to the penitentiary for four years.

Before entering upon the trial of the case, the defendant moved the court to quash the venire of this cause, for the reason that no special venire had been drawn by the court from the jury box and summoned by the sheriff for the trial of the defendant; but that the court had drawn and the sheriff had summoned only one special venire for the trial of three capital cases. On the hearing of this motion it was shown that the case against the defendant, Marshall Rambo, and the case against his co-defendant, Sewell Cook, and a case against another defendant, Will Thomas, on a charge of murder, were all set for the same day, upon the arraignment of each of said three defendants, and that the court had drawn from the jury box fifty names as a special venire, which, together with the regular jurors, he ordered to be served upon each of said defendants in the three several cases. The motion to quash was overruled, and the defendants duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court, among others, to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (E.) "If the jury believe the evidence in this case they will find the defendant not guilty." (11.) "The court charges the jury that Mrs. Rambo, the mother of defendant, has not been impeached." (10.) "There is no evidence in this case that the defendants or either of them picked up the money after it had been dropped or thrown to the ground by Huttman." (8.) "If the jury believe the evidence they will find the defendant not guilty of an assault with the intent to rob." (6.) "The court charges the jury that in this case there can be no conviction for an assault or an assault and battery." (5.) "The court charges the jury that there can be no conviction for an attempt to rob." (4.) "The court charges the jury that there is no evi-

dence in this case that the defendant ever had in his possession the money alleged in the indictment to have been taken." (2.) "If the jury believe the evidence they will find the defendant not guilty of robbery."

MULKEY & CARMICHAEL, for appellant, cited Code, §§ 4993, 5004; *Jones v. State,* 104 Ala. 30; *Chamblee v. State,* 78 Ala. 465; *Evans x. State,* 80 Ala. 4; *James v. State,* 53 Ala. 380; *Morris v. State,* 97 Ala, 83; *Thomas v. State,* 91 Ala. 34; *Thompson v. State,* 94 Ala. 535.

CHAS. G. BROWN, Attorney-General, for the State.—Under section 5306 of the Criminal Code of 1896, the defendant could have been convicted of an attempt to rob.—*Balkum v. State,* 40 Ala. 677.

TYSON, J—The presiding judge evidently over-looked the difference in the phraseology of the act of 1884-85 under which *Chamblee's case* (78 Ala. 466) was decided and which phraseology was carried into the act of February, 1887, and the section of the Code (5004) under which the special *venire* in this case was drawn. The difference was pointed out in *Adams v. The State,* 133 Ala. 166; 31 So. Rep. 851. The same error was committed in that case that was committed upon the trial of this with respect to ordering one special *venire* for the trial or two or more capital cases. Indeed with respect to this matter there is no substantial difference between the facts of the two cases. For this error the judgment of conviction must be reversed. Since the judgment must be reversed, and as a conviction was had only for "an assault with the intent to rob," and not for robbery, it is unnecessary to review the action of the court in refusing charges bearing solely upon the guilt or innocence of defendant as to the crime of robbery. We shall, therefore, confine our discussion to those that relate to the offense for which he was convicted and for which he may again be tried. Robbery being an offense against the person as well as against the property, it cannot be seriously doubted that a charge of robbery involves the charge of an assault with the intent to rob, and that a conviction may be had for

[Sanders v. The State.]

lesser offense under an indictment charging the greater. And for that matter a conviction may be had for larceny or for an attempt to rob, or for an assault, or for an assault and battery if committed—a charge of all of these offenses being included in the charge of the greater.—§ 5306 of .Crim. Code; *Morris v. The State*, 97 Ala. 82; *Allen v. The State*, 58 Ala. 98; *Thomas v. The State*, 91 Ala. 34; *Brown v. The State*, 120 Ala. 432.

There was evidence tending to support the conviction as well as tending to support each of the minor offenses designated above, .the weight and sufficiency of which was for the jury. It follows therefore that charges "E," 10, 8, 6, 5, 4, and 2 were correctly refused.

Charge 11 invaded the province of the jury and for that reason was properly refused.

We have examined the various exceptions reserved to the rulings upon the admission of evidence, and find no error in any of them.

Reversed and remanded.