55 So.2d 366

## BROOKS v. STATE.

2 Div. 813.

Court of Appeals of Alabama.

Nov. 27, 1951.

T. G. Gayle, Selma, for appellant.

Si Garrett, Atty. Gen., M. Roland Nachman, Jr., Asst. Atty. Gen., and Wm. H. Sanders, Montgomery, of counsel, for the State.

PRICE, Judge.

The defendant was tried and convicted of robbery, and sentenced to the penitentiary for a term of 18 years.

The evidence for the State tended to show that on the evening of June 22, 1950, appellant held a pistol on Benjamin Wright while her husband, Cecil Brooks, who was armed with a rifle, took $81.00 from Wright's pocket. They then used adhesive tape to tie Wright and his wife in chairs, while they ransacked the house, and searched the persons of the victims in a futile effort to find more money.

After removing their victims' shoes and binding their hands and feet with strips of cotton material, the intruders made their get away in their automobile.

At the time of the search the house was fairly dark, except for two flashlights in the hands of the robbers.

Wright and his wife testified that both intruders wore khaki clothing and concealed their features with dark glasses and handkerchiefs tied over their faces. They also testified that one of their assailants was a woman. They gave as their reasons the fact that she wore small shoes, walked like a woman, avoided speaking in their presence lest she reveal her sex by her voice, and her hands were those of a woman.

Several witnesses, including Wright, testified to seeing appellant's husband's automobile, which had several distinguishing characteristics described by the witnesses, in the vicinity of the Wright home shortly before and at the time of the robbery and that a man and woman were in the car.

When found by the police the car contained two pairs of dark glasses and a flashlight. A rifle and a suit case containing khaki clothing were found in appellant's room.

Stubs of Picayune cigarets, the kind admittedly smoked by appellant, and the cover from a roll of adhesive tape, were found in a church yard near the spot where their car was seen parked immediately preceding the robbery.

Both Wright and the Sheriff testified that when appellant was arrested and brought to Wright's home Wright identified her as one

'of the robbers, and she asked: "How in the hell could he recognize me and it was dark in the room?"

· After a proper predicate was laid the Sheriff testified appellant confessed to him that she originated the plan to rob Wright.

Appellant contended that she took no part in the robbery and denied making the statements attributed to her by the Sheriff. She insisted that she was in Attalla approximately 200 miles away. She introduced in evidence a postcard to her mother postmarked "Attalla, June 22, 1950. 2:00 P. M." and offered testimony by her landlady in Gadsden tending to support her alibi. Prior contradictory statements by this witness were introduced by the State.

Appellant also introduced evidence of certain financial transactions to account for the sum of $72.25 found in possession of herself and her husband when arrested.

There was testimony that appellant and her husband had visited her mother in Wilcox County from June 17th until the day before the robbery when they returned to Gadsden.

Appellant's counsel has filed no brief in her behalf, but we have carefully considered the record and the questions presented for our review, as the law requires.

No errors of a reversible nature appear in any of the court's rulings on the admission of testimony.

The chief question presented was the identity of accused as one of the robbers.

The material conflict in the evidence presented a question for the jury to determine, and the general affirmative charge was properly refused.

Under the evidence, if any offense was committed it was robbery, and the court's refusal to charge on grand larceny and to give charge 17 setting out minor offenses included in the charge of robbery was without error. Kelly v. State, 235 Ala. 5, 176 So. 807, and cases cited.

Charge 21, refused to defendant, if otherwise free from fault, was fully covered by the court's oral charge.

The judgment of the circuit court is ordered affirmed.

Affirmed.