265 So.2d 886

**Billy Joe TAYLOR**

**v.**

**STATE.**

**4 Div. 132.**

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

Tipler, Fuller, Melton & Barnes, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant, along with James Anderson and Jerome Wilson, were indicted and tried jointly for robbery. Anderson and appellant, Taylor, were convicted of robbery and Taylor, who was sentenced to ten years imprisonment, brings this appeal.

Briefly, the testimony offered by the state shows that on the 9th day of May, 1970, Officer Dick Bowen of the Andalusia Police Department, was on duty riding a motorcycle when he received a call to go to Southside at Fern and Beasley streets and when he arrived, there was a crowd of people standing in a yard. As he approached, one man, whom he knew, Jerome Anderson, left the crowd, went to a nearby house and failed to stop or heed a call from the officer. Bowen got off the motorcycle and walked to the house where Anderson was on the porch and was asking him what the trouble was when the appellant and several others attacked, hit and struggled with him. They struggled out into the yard and James Anderson grabbed Bowen's pistol from its holster, cocked it and pointed it at him and threatened to kill him. In the meantime, the appellant had struggled with Bowen on the ground and hit him the first lick. When Anderson grabbed the gun, the others turned Bowen loose. Anderson fired near Bowen's feet and then ran and the others, including the onlookers, who had gathered, all ran off. Anderson was later apprehended in Florida and returned to Andalusia, while appellant and Wilson later surrendered to a deputy' sheriff, who was notified by a friend where to meet them. The gun was hidden by Anderson, but later found by his direction and offered into evidence.

The appellant testified that he arrived at the place of the disturbance, along with Wilson, about the time Officer Bowen was going onto the porch of the Weeden house to talk with Anderson and that as he went up on the porch, the officer shoved him back more than once and hit him and that he hit the officer, probably several times, as they wrestled out in the yard and that he finally broke away from the officer and when the gun fired, he and Wilson ran away as did the others; that he did not take or have the gun in his possession and did not know where it was after he ran. He claimed he was only trying to go into the Weeden house to watch television when the officer had Anderson by the belt, trying to pull him out of the door; that he was afraid to surrender at first because he heard he might be shot.

Defendant, Anderson, testified, in substance, that the officer was trying to pull him out of the door and broke his belt and they finally struggled out into the yard and that he grabbed the pistol; it was accidentally cocked and fired into the ground; that he did not threaten to kill the Officer and ran when the pistol fired and hid it where it was later found.

Defendant, Wilson, denied taking any part in the difficulty and claimed to be an onlooker only.

Defense witness, Weeden, the owner of the house, testified that Anderson had come into his house when Officer Bowen came onto the porch and called for him; that Weeden refused to let the officer into the house, but that Anderson came to the door. At that time Weeden had gone back into the house momentarily, and when he came back, the officer, Anderson, and the appellant were "tussling" in the yard, just in front of the porch; that Officer Bowen put his hand on the gun and Anderson caught his hand at the pistol holster; that when appellant arrived at the house, just before the incident, he came upon the porch and Officer Bowen shoved him and appellant hit back and they "tussled" in the yard. Weeden then closed the door and went back into his house and heard the gun fire. At that time everybody in the yard, but the officer, ran off.

The testimony of appellant's witness, K. C. Davis, a relative of appellant, corroborated, in substance, the testimony of appellant and Weeden.

The appellant reserved exception to the portion of the oral charge in which the court said: "Now an indictment for robbery does include what we call lesser included offenses of larceny, also of an assault with intent to rob, and assault and battery. However, I charge you in this case that you cannot find these defendants guilty of any lesser included offense. You must find them guilty of robbery as charged or find them not guilty at all, under the facts in this case. You cannot find them guilty of any of the lesser included offenses." The first sentence, hereinbefore set out as excepted to, does state a correct principle, (See cases under Ala. Digest, Volume 12, Indictment and Information, ☞191(9), and names the lesser offenses alluded to in the next sentence.

We think the remaining portion of the exception was well taken and the Court was in error in so charging under the evidence offered in this case.

■ We are aware of the rule that if the evidence could only establish the crime of robbery; and there was no evidence to establish any of the lesser included offenses then it is not error for the court to refuse to charge on such offenses. Brooks v. State, 36 Ala.App. 310, 55 So.2d 366; Kelly v. State, 235 Ala. 5, 176 So. 807.

■ But the general rule is stated in Robertson v. State, 24 Ala.App. 237, 133 So. 742. "Under an indictment for robbery, there may be a conviction for assault with intent to rob, for larceny, for attempt to rob, for assault, or for an assault and battery. Rambo v. State, 134 Ala. 71, 32 So. 650; Morris v. State, 97 Ala. 82, 12 So. 276; Carnathan v. State, 18 Ala.App. 452, 93 So. 50; Thomas v. State, 91 Ala. 34, 9 So. 81; Code 1928, § 8697, and many other authorities that might be cited."

Whether the court should charge on any lesser included degree of robbery depends upon the evidence in the case which would support the lesser offense.

"If there is a controversy as to whether the act was robbery or larceny or assault and battery, the defendant is, of course, entitled to have the court charge on all three such aspects." Kelly v. State, supra.

■ We think, under the entire evidence offered, the court should have charged on the lesser included offenses of robbery, for their consideration and the jury should have not been limited to a consideration of the guilt of appellant of robbery or nothing.

Several charges in writing were requested by appellant and refused by the court.

■ Charges 3, 6 and 7 were affirmative in nature as to the indictment generally and, hence, were properly refused. Charges 4 and 5 related to character evidence and since none was introduced were abstract, and charges 1 and 2 were related

**446**

to the rule of proof beyond a reasonable doubt, and were covered by the oral and given charges. No error appears in this action of the Court.

For the error heretofore indicated, the case is reversed and remanded.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.