283 So.2d 620

**Melvin TRAMMELL**

**v.**

**STATE.**

**6 Div. 482.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

[redacted]

Robert R. Bryan, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Herbert H. Henry, Asst. Atty. Gen., Birmingham, for appellee.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was tried and convicted of robbery and sentenced to the penitentiary for a term of ten years.

The court below refused two written charges, among others, requested by the appellant. The charges, numbered 50 and 51, are as follows:

"50. The court charges the jury that an indictment for robbery also embraces a charge of assault and battery.

"51. The court charges the jury that an indictment for robbery also embraces the charge of larceny."

In brief the appellant bases his argument for reversal mainly on the refusal of these charges which were not covered by the oral charge of the court nor by any of the given charges.

This contention above referred to is set out in appellant's brief together with citations as follows:

"The law in Alabama pertaining to the situation at hand is extremely clear. It is a general referral that under an indictment for robbery there may be a conviction for assault with intent to rob, larceny, attempt to rob, assault, or for assault and battery. Taylor vs. State, 265 So.2d 886, 48 Ala.App. 443 (1972); Robertson v. State, 133 So. 742, 24 Ala. App. 237 (1931); Brooks vs. State, 36 Ala.App. 310, 55 So.2d 366 (1951); Kelly vs. State, 235 Ala. 5, 176 So. 807 (1937); Morris v. State, 97 Ala. 82, 12 So. 276 (1902); Carnathan v. State, 91 Ala. 34, [18 Ala.App. 452] 9 [93] So. 50 (1922); Thomas v. State, 91 Ala. 34, 9 So. 81 (1891). It is likewise true that if the evidence could only establish the crime of robbery and no evidence exists as to any lesser included offense, then the trial court is under no obligation to charge as to the lesser serious offenses. Brooks v. State, 55 So.2d 366, 36 Ala. App. 310 (1951); Kelly v. State, 176 So. 807, 235 Ala. 5 (1937). Whether a court must charge on any lesser included crimes depends upon the evidence of the case. If there exists a controversy or question as to whether the act in issue constitutes robbery or larceny or assault

and battery, the trial court is then required to charge on said lesser offenses. Taylor v. State, supra; Kelly v. State, supra. Thus, the responsibility of the court regarding a charge of offenses embraced under a robbery indictment depends upon the facts."

We agree that the quotation, supra, correctly sets out the law as it is in this State, but we disagree that under the facts in the case at bar a reversal is in order.

The appellant lays great stress on the case of Taylor v. State, supra, as a controlling authority here. An examination of the facts in the *Taylor* case will demonstrate that there was evidence to support the lesser charge of assault and battery, included in the indictment for robbery and that the court should have submitted this question to the jury instead of confining his oral charge to the offense of robbery only. In fact in *Taylor* it appears that perhaps a charge of assault and battery would have been more appropriate under the facts developed than a charge of robbery.

■ The State's evidence in the case at bar tends to show that the victim of the alleged robbery, along with another person, was making a house to house canvass giving out literature having to do with the organization commonly known as the Black Muslims and accepting whatever contributions which might be made to this cause; that at the door of an apartment he was met by the appellant and Vernon Marshall, and appellant offered to buy some of the literature and presented two quarters in payment therefor. Before the transaction could be finished Vernon Marshall presented a pistol and demanded the money which Griffin had and said, "This is a stick up," and without further ado, when the money was not immediately handed over, Marshall fired the pistol and struck Griffin in the side. As Griffin bent over, while holding his side with one hand, the appellant reached in his pocket and extracted some five dollars in cash. Marshall and appel-

lant ran away and were later apprehended. This action of the appellant appears to have been done at the bidding of the accomplice, Vernon Marshall. The salient facts developed by the evidence for the State made out a prima facie case of robbery against appellant at least as an aider and abettor to the crime, and therefore as guilty as the principal. King v. State, 49 Ala.App. 111, 269, So.2d 130.

■ The defense was based upon the contention that appellant was forced into the action he took, on the occasion complained of, by Vernon Marshall who threatened him and who had a pistol; that he was afraid not to accompany the accomplice to the scene of the crime and remained in fear of him throughout the whole transaction; and that he had no intent to commit any crime whatsoever. This question was submitted to the jury by the court, along with a full and adequate explanation of the governing law. We see no evidence which would require the court to charge on a lesser offense set out in the two refused charges, numbered 50 and 51.

■ Several other written charges requested by appellant were given and several refused. We have examined the refused charges carefully and find that they are either covered by the oral charge or the given charges. We find no error in their refusal.

■ The motion to exclude the evidence on the ground of variations between the testimony of State's witnesses Willie Gene Griffin and John Carter were properly overruled. Any inconsistencies which may appear between these witnesses' testimony are for the consideration of the jury.

We have carefully examined the entire record in this cause and find no error injurious to the substantial rights of the appellant. The judgment is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge

of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment below is hereby

Affirmed.

All the Judges concur.