320 So.2d 105

**Michael Junior CHAMBERS**

v.

**STATE.**

**3 Div. 369.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Wayne P. Turner, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Robbery. Sentence: Ten years imprisonment.

The undisputed evidence establishes that the appellant and an accomplice robbed Wyman Hamm by holding a pistol on him and taking his automobile. An exerpt from the testimony of the victim establishes the taking of the car by "putting him in such fear as unwillingly to part with the same," as charged in the indictment:

"Q Now, did you voluntarily of your own free will give them the car or did you do it pursuant to the pistol?

"A I done it because they had the gun on me.

"Q Were you put in fear?

"A Yes, sir.

"Q Extreme fear?

"A Yes, sir."

Both the testimony of the victim and that of an eyewitness, Thomas B. Mellos, establishes, (1) the elements of robbery, (2) the identity of the appellant as one of the robbers, and (3) venue.

The appellant did not take the witness stand and did not present any witnesses in his behalf. The record is brief, and the sole issue presented is whether the trial court erred in refusing to give certain requested charges dealing with lesser included offenses.

I

There was no evidence presented except as to an armed robbery. There is nothing in the record to suggest any of the following offenses set out in the refused charges: assault and battery, larceny, assault with intent to rob, attempted robbery, or assault.

In *Chamberlain v. State,* 48 Ala.App. 254, 263 So.2d 709 (1972), a case squarely in point, Judge Tyson, writing for this Court, held that:

"We are of the opinion under the evidence in this case, the trial court properly refused the above two charges since such evidence if believed would not support a conviction for larceny on the one hand or assault and battery on the other. *Kelly v. State,* 235 Ala. 5, 176 So. 807; *Reeves v. State,* 17 Ala.App. 684, 88 So. 197; *Segers v. State,* 283 Ala. 682, 220 So.2d 848.

"Where, as here, since, if any offense was committed, it was robbery, the court's refusal to charge on grand larceny was proper. *Brooks v. State,* 36 Ala.App. 310, 55 So.2d 366.

"While the refused charges may be correct statements of the law, such were abstract due to the nature of evidence in the case at bar, and their refusal is not error. *Brown v. State,* 39 Ala.App. 149, 96 So.2d 197." Also see *Trammell v. State,* 51 Ala.App. 168, 283 So.2d 620 (1973).

II

Both the State and the defense announced "Satisfied" at the conclusion of the court's oral charge.

We have searched the record for error and find none prejudicial to the appellant.

Affirmed.

All the Judges concur.