LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of robbery and sentenced to imprisonment for ten years.
The alleged victim testified that on September 22, 1976, she was in her home at 1610 East Edgemont in the city of Montgomery, when defendant intruded through the back porch door. He choked her, saying that it was her money that he wanted, “drew a screwdriver, a little one, on me and said he would kill me.” She said for him to wait until she could get her purse; he followed her through the hall and knocked her down in the bedroom. She located her purse and gave him five dollars. He then tried to rape her. She told him to leave her alone that she would write him a check. She wrote him a check for seventy-five dollars, gave it to him, and he then went away.
The victim had known defendant. He and his father had worked for defendant at her home. She was seventy-three years of age at the time of the alleged crime.
Defendant testified out of the presence of the jury in connection with the question of the admissibility of a confession by him, but he did not take the stand on the trial as to the issue of his guilt, and no evidence was offered in his behalf.
Defendant, sixteen years of age, applied for Youthful Offender treatment, but after an investigation and hearing, his application was denied. He was thereafter arraigned and pleaded not guilty and not guilty by reason of insanity. No evidence was presented to support his plea of insanity-
Appellant challenges the action of the trial court in overruling defendant’s motion to suppress a confession by him and in admitting the confession in evidence over his objection.
There was abundant evidence that defendant was fully informed as to all of his rights, that he expressly waived his right to counsel, and that he voluntarily and understandingly confessed to the crime.
Appellant urges that Rule 21 of the Rules of Juvenile Procedure, as based upon Article 5, Section 125, Act No. 1205, Acts of Alabama, 1975 Regular Session, forbade the admission in evidence of juvenile defendants. It provides:
“Admissibility of child’s preliminary statement—Unless advised by counsel, the statements of a child or other information or evidence derived directly or indirectly from such statements made while in custody to police or law enforcement officers or made to the prosecutor or probation officer, during the process of the case, including statements made during a preliminary inquiry, predisposition study, informal adjustment, or consent decree, shall not be used prior to a determination of the petition’s allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction.”
The confession of defendant was made on September 22, 1976. In Parker v. State, Ala.Cr.App., 351 So.2d 927 (1977), it was held that by resolution and order of the Supreme Court of Alabama dated December 1, 1975, the quoted provision of Act No. 1205 did not become effective until January 16, 1977. This is dispositive of appellant’s present contention on the particular point.
In the absence of applicable legislation, the effect of minority upon the question of the admissibility of one’s confession is stated in Clarke v. State, 67 Ala.App. 222, 225, 283 So.2d 671 (1973) as follows:
“We subscribe to the general proposition that the confession of a minor is not ipso facto inadmissible; however, infancy is certainly a relevant factor bearing upon the voluntariness, vel non, of a confession. 23 C.J.S. Criminal Law § 829; 87 A.L.R.2d 624; Burton v. State, 107 Ala. 108, 18 So. 284. The better rule appears to equate the capacity required for a valid confession with that prerequisite to criminal responsibility. We conclude from Burton, supra, that generally a person whose age and mental faculties make him amenable to criminal sanctions is sui juris in matters relating to confessions and inculpatory admissions.”
*759 There is no contention, and there is no basis for any contention, that Code of Alabama 1940 (Recomp.1958), Tit. 13, § 377, applies, as it did in Clarke. There the confession was by a child under sixteen years of age and was made to a probation officer, which the statute prohibited from being introduced in evidence. The provision of the last cited statute is not applicable to the case under review, as defendant was not under sixteen years of age and his confession was not made to a probation officer or like official.
We disagree with appellant’s contention that the trial court erred in refusing to give some requested charges dealing with lesser included offenses of larceny, assault, and assault and battery. Appellant relies upon Weldon v. State, 50 Ala.App. 477, 280 So.2d 183 (1973) to the effect that such charges should be given if there is any reasonable theory from the evidence which would support a conviction for the named lesser included offenses, and that irrespective of “how slight the evidence may be supporting the defense offered by the appellant.” In this case, wherein the only thing speaking for defendant on the point is the presumption of innocence that attends it, if any offense was committed, it was robbery, nothing less. The court was correct in refusing the charges as to lesser included offenses. Browder v. State, 54 Ala.App. 369, 308 So.2d 729 (1974); Chambers v. State, 56 Ala.App. 172, 320 So.2d 105 (1975).
As the jury returned to the courtroom with a verdict, the following proceedings took place:
“THE COURT: If you have arrived at a verdict, pass it to the Bailiff.
“Is the verdict of the Jury, we, the Jury, find the Defendant guilty and fix his punishment at ten years?
“All right. Let the Defendant come forward.
“MR. DEAN: I will ask that the Jury be polled, please.
“THE COURT: Let the Defendant come forward.
“Do you have anything to say why the sentence of law should not now be pronounced against you?
“THE DEFENDANT: Nothing to say.
“THE COURT: The Jury finding you guilty and fixing punishment at ten years imprisonment, the Court hereby finds you guilty and sentences you to ten years imprisonment in the penitentiary. Now, there is a request that the Jury be polled. That means that the Judge will ask you individually if what you have just read is your individual verdict.
“Mr. Foreman, was that your individual verdict?
“(Whereupon, the Jury was polled and all answered in the affirmative.)
“THE COURT: Now you may take the Defendant.
“MR. DEAN: We give notice of appeal and ask that appeal bond be set, Your Honor.
Appellant takes the position that the failure of the trial judge to poll the jury prior to allocution and pronouncement of sentence was error prejudicial to defendant that requires a reversal of the judgment. The controlling law is Code of Alabama 1940 (Recomp.1958), Tit. 30, § 101:
“When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; in which case they must be asked severally if it is their verdict; and if any answer in the negative, the jury must be sent out for further deliberation.”
In speaking to the pertinent language of the forerunner of the statute, the Supreme Court in Brown v. State, 63 Ala. 97, 103-104 (1879) stated:
“When the verdict is returned and received by the court, and the jury discharged, a memorandum of it is made, from which the record is subsequently made up. The memorandum is the record to which the statute refers; . . ”
*760 The court emphasized in Brown that the critical time, the line of cleavage between an appropriate polling and an improper polling, is the discharge of the jury.
“. . . Polling would become a hindrance to the administration of justice and cast upon it reproach, if it could be exercised after a discharge of the jury, and after the publication of their verdict, when, without offending the order of the court, they could be approached, and tampered with. Tampering may be corrupt, or it may be by appeals to the sympathy of individual jurors, when corruption cannot be imputed. From it in any form the jury is guarded while under the court. After their dispersion, the court loses control over them, and cannot again remit them to their deliberations.”
Although the better practice, and the usual practice, seems to be that in a criminal case where the verdict is such as to require a sentence, the polling of the jury, if requested, should take place before the pronouncement of the sentence, such a sequence is not an absolute necessity and unless some injury to defendant apparently results therefrom, a failure to observe such sequence does not furnish a basis for a charge of prejudicial error. We are convinced that no injury to defendant resulted from the time or the manner in which the polling of the jury was conducted.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, P. J., and HARRIS, DeCARLO and BOWEN, JJ., concur.