LEIGH M. CLARK, Retired Circuit Judge.
A jury found appellant guilty of robbery as charged in a four-count indictment. One count charged him with feloniously taking money “of a total aggregate value of $5,872.00, . .. the personal property of First National Bank of Decatur, a Corporation, from the persons of Myrtle Beall, Barbara Hill, and Vickie Sedberry, and against their will, by violence to their persons or by putting them in such fear as unwillingly to part with the same.” One of the other three counts charged defendant in similar language with the taking of the stated proportionate part of $5,872.00 from Myrtle Beall, another from Barbara Hill and the third from Vickie Sedberry. The four counts were treated as involving one crime only, and there is no contention that they should have been considered otherwise. The court fixed defendant’s punishment at imprisonment for twenty-five years and sentenced him accordingly.
Defendant had pleaded not guilty and not guilty by reason of insanity, and the court submitted both issues to the jury. There was little, if any, evidence of mental disease. There was substantial evidence that defendant was in a state of intoxication at the time of the robbery. He testified that he did not remember the robbery and that he had been taking hallucinatory drugs.
The evidence is undisputed that the robbery occurred as alleged. Each of the three alleged victims so testified. With a pistol in his hand, defendant demanded that the victims put the money into a grocery bag that he handed them with his other hand. They accommodated him, but in doing so, each placed a tear gas bomb in the bag, which exploded in defendant’s face after he left the bank and was proceeding to his automobile. He was there efficiently arrested by alerted officers of the law.
In addition to the positive oral testimony as to the fact of the robbery and the identity of defendant, photographs that distinctly portrayed the essential elements of robbery and the identity of defendant, which had been taken by cameras electronically activated, were introduced in evidence.
The only claim of error is that the trial court erroneously refused one of defendant’s requested written charges as follows: “36. THE COURT CHARGES THE JURY THAT AN INDICTMENT FOR ROBBERY ALSO EMBRACES THE CHARGE OF LARCENY.”
The charge was properly refused. But for the injection of the question of intoxication by drugs, no comment would be necessary other than the statement that it is uniformly held that no instruction as to a lesser included offense should be given in a robbery case if the only reasonable conclusion to be drawn from the evidence is that defendant is guilty or not guilty of the crime expressly charged. Turner v. State, Ala.Cr.App., 356 So.2d 235, cert. denied, 356 So.2d 237 (1978); Simmons v. State, Ala.Cr. App., 353 So.2d 11, cert. denied, 353 So.2d 18 (1977); Impson v. State, Ala.Cr.App., 331 So.2d 837 (1976); Golston v. State, 57 Ala. App. 623, 330 So.2d 446 (1975); Chambers v. State, 56 Ala.App. 172, 320 So.2d 105 (1975).
An instruction as to the lesser included offense is at times permissible, logically and by authoritative precedents, by reason of the fact that intoxication of defendant can negate the intent requisite to the commission of the greater offense charged. However, it is neither logical nor authoritatively precedential to give such instruction if the requisite intent is the same as to both offenses and if it necessarily follows from the evidence, as it does in this case, that if the defendant is guilty of the lesser offense he is guilty of the greater offense also. To so hold could enable a jury to violate its duty to find the defendant guilty of the offense expressly charged whenever it is convinced by the evidence beyond a reasonable doubt that he is guilty thereof.
“Robbery is the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence or by putting him in fear. It is essential to a conviction of robbery ‘that the taking should, at the *789 time of manucaption, have been with a larcenous intent.’ Kennedy v. State, 208 Ala. 66, 93 So. 822.”
Martin v. State, 51 Ala.App. 405, 286 So.2d 80 (1973)
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.